IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON RHINEHART and ZACHARY WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> INDEPENDENT SCHOOL DISTRICT NO. 32-1005 OF HUGHES COUNTY, a/k/a WETUMKA PUBLIC SCHOOLS; DONNA MCGEE, individually and in her official capacity; and BRENT MCGEE, <br><br> Defendants. | Case No. 24-CV-276-DES |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Donna McGee, individually and in her official capacity's ("Mrs. McGee" or "Defendant"), Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted and qualified immunity. (Docket No. 20). On September 23, 2024, Plaintiffs, Brandon Rhinehart and Zachary Williams ("Plaintiffs") filed their Response, and on October 14, 2024, Mrs. McGee filed her Reply. The issue is fully briefed. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

**I.  Background**

On August 2, 2024, Plaintiffs filed their Complaint alleging violation of Title IX of the Education Amendments of 1973, retaliation, and violation of 42 U.S.C. § 1983 substantive due process and negligence claims against Defendants, Donna McGee, Brent McGee, and Hughes County School District No. 32-1005 as a result of Brent McGee's alleged sexual abuse of Plaintiffs while they were students at Wetumka Public Schools. (Docket. No. 2). Plaintiffs allege that

1

Defendant Brent McGee groomed and sexually abused Plaintiffs while they were students at Wetumka Public Schools. *Id.* Defendant Brent McGee was the head of the Alternative Education program and the Athletic Director for Wetumka Public Schools, and his wife, Defendant Donna McGee, was the Superintendent of Wetumka Public Schools at the time. *Id.* at 3. Plaintiffs allege that Brent McGee "has a long history of grooming and sexually abusing boys" and that Donna McGee was "complicit in the abuse – failing to take any action over the years despite knowing about the abuse." *Id.*

Defendant raises three propositions for the Court's consideration in her Motion to Dismiss Plaintiffs' Complaint: (1) Defendant is entitled to qualified immunity because she did not violate Plaintiffs' substantive due process rights; (2) Plaintiffs' claims against Defendant in her official capacity must be dismissed as duplicative; and (3) Plaintiffs have failed to state a claim for negligence. (Docket No. 20).

## II. Analysis

### A. Plaintiffs' Substantive Due Process Claim.

On a Motion to Dismiss, the court must decide whether Plaintiff has alleged "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. "A complaint is

'plausible on its face' if its factual allegations allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1309 (10th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678).

Defendant argues in order to hold a school superintendent or principal liable for the conduct of a school employee under §1983, the plaintiff must plead and eventually prove the supervisor "actually knew of and acquiesced in [the school employee's] behavior." *Jojala v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995). Thus, Plaintiff must demonstrate that Defendant was aware of the alleged acts of sexual abuse taking place by Brent McGee. Defendant argues that Plaintiffs' complaint fails to provide sufficient factual allegations to raise a plausible claim that Defendant was aware of the sexual abuse. (Docket No. 20 at 8). The Court does not agree.

Plaintiffs have alleged sufficient facts to allow the Court to draw the reasonable inference that Mrs. McGee was aware of her husband's actions. While Defendant argues that Mr. and Mrs. McGee's marital status alone cannot be a basis for Mrs. McGee to know what her husband might be involved in, Defendant cites no authority on this and seemingly ignores the Complaint as a whole, which provides multiple allegations in which Mrs. McGee could have been on notice of Mr. McGee's actions. Furthermore, Plaintiffs allege that Brent McGee engaged in harassing behaviors both on and off campus, and that Mrs. McGee "observed Brent McGee's inappropriate behavior but failed to intervene." (Docket No. 2 at 4). As such, Defendant Donna McGee's Motion to Dismiss Plaintiffs' 42 U.S.C. § 1983 substantive due process claim is DENIED.

### B.  Defendant is Not Entitled to Qualified Immunity at This Stage.

Defendant argues she is entitled to qualified immunity from Plaintiffs' § 1983 claims because Defendant did not violate Plaintiffs' substantive due process rights. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not

violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). This doctrine is intended "to shield officials from harassment, distraction, and liability when they perform their duties reasonably," while also ensuring that officials who "exercise power irresponsibly" are held accountable. *Id.* Defendants are entitled to qualified immunity unless it is demonstrated that their conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known. *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1251 (10th Cir. 1999)). Qualified immunity protection applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (KENNEDY, J., dissenting). Defendant argues "officials enjoy a **presumption of immunity** when the defense of qualified immunity is raised." (Docket No. 20 at 7) (quoting *Pahls v. Thomas,* 718 F.3d 1210, 1227 (10th Cir. 2013)).

"When qualified immunity is asserted in the context of a motion to dismiss, the factual allegations of the complaint are assumed to be true, and the court's analysis generally aligns with the analysis applied with determining the sufficiency of a claim." *Harper v. Woodward Cnty. Bd. of Cnty. Comm'rs,* No. CIV-11-0996-HE, 2014 WL 7399367, at *8 (W.D. Okla. Dec. 29, 2014) (citing *Brown v. Montoya,* 662 F.3d 1152, 1162-64 (10th Cir. 2011) and *Iqbal*, 556 U.S. at 666, 673-75, 677-84)). The Court scrutinizes "the defendant's conduct as alleged in the complaint . . . for objective legal reasonableness" at the motion to dismiss stage. *Turner v. Oklahoma Cnty. Bd. of Cnty. Comm'rs,* No. 19-6092, 804 F. App'x 921, 924 (10th Cir. 2020) (unpublished). Thus, when a defendant raises a qualified immunity defense in response to a motion to dismiss, the court uses a two-part test to determine whether the plaintiff: (1) plausibly pleaded that the defendant

violated a constitutional right, and (2) shows that the constitutional right was clearly established at the time of the defendant's alleged misconduct. *A.N. ex rel. Ponder v. Styling,* 928 F.3d 1191, 1196 (10th Cir. 2019).

The constitutional violations Plaintiffs allege is substantive due process which protects the liberty interests of a child in public school from sexual abuse. (Docket No. 22 at 8). "The constitutional right of a student to be free from sexual abuse was in place long before the allegations in the instant matter." *Id.* Plaintiffs point to a Fifth Circuit opinion which found, "[t]he 'contours' of a student's substantive due process right to be free from sexual abuse and violations of [his] bodily integrity were clearly established in 1987 . . . . Indeed, this much seems crystal clear: No reasonable public school official in 1987 would have assumed that he could, with constitutional immunity, sexually molest a minor student." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 455 (5th Cir. 1994). Additionally, the Tenth Circuit has held "that a person who exercises the state's supervisory authority may be held liable for consciously acquiescing in sexually harassing conduct by a non-state actor over whom the state actor has authority." *Murrell,* 186 F.3d at 1251. Accordingly, the constitutional right of a student in public school to be free from sexual abuse was clearly established at the time of Defendant's alleged misconduct.

As noted above, the allegations contained in the Complaint, if taken as true, state a plausible § 1983 substantive due process violation claim. Plaintiffs allege Mrs. McGee was living in the home where Brent McGee was sexually abusing the minors, she knew of Brent McGee's history of grooming and sexually abusing boys, and "observed Brent McGee's inappropriate behavior but failed to intervene." (Docket No. 2 at 3-4). These allegations, if true, show actions that were unconstitutional under clearly established law. Accordingly, Defendant's Motion to Dismiss based on qualified immunity is DENIED.

### C. Plaintiffs' Official Capacity Claims will be Dismissed.

Defendant argues that the claims made against her in her official capacity are duplicative of Plaintiffs' Third Cause of Action against Wetumka Public Schools. (Docket No. 20 at 10-11). The United States Supreme Court has long held that a claim asserted against a public servant "in his official capacity" is nothing more than a claim against the entity that he represents. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). The Tenth Circuit has also held that "[a]n action against a person in his official capacity is, in reality, an action against the government entity for whom the person works." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998). Here, Plaintiffs' third cause of action against the Defendant School District and their fourth cause of action against Defendant McGee raise similar substantive due process issues based on the failures of Mrs. McGee in her role as superintendent. Moreover, "Plaintiffs concede that the claim against Donna McGee in her official capacity for violations of their substantive due process rights must be dismissed as it is duplicative of their third cause of action against Defendant Wetumka Public Schools." (Docket No. 22 at 2). Accordingly, Defendant's Motion to Dismiss Plaintiffs' official capacity claims against Mrs. McGee is GRANTED.

### D. Plaintiffs Have Stated a Claim for Negligence.

Finally, Defendant argues that Plaintiffs have failed to state a claim for negligence against Mrs. McGee regarding Plaintiffs' allegations that Mrs. McGee had a duty to protect Plaintiffs while they were in her home from abuse. (Docket No. 20 at 11). Defendant argues that under Okla. Stat. tit. 10A, §1-2-101(B)(1), Plaintiffs must show that Ms. McGee had knowledge or reason to know of the abuse. *Id.* Again, Defendant argues that Plaintiffs' conclusory allegations of knowledge are wholly insufficient to place her on duty to report any alleged abuse, *id.*; and once again, the Court disagrees. Plaintiffs argue that negligence claims require a lower showing of

knowledge than a § 1983 action requires. (Docket No. 22 at 10). While a § 1983 claim requires actual knowledge, a negligence claim only requires a reason to know of the abuse. *See* Okla. Stat. tit. 10A, § 1-2-101(B)(1).

The Court has determined that Plaintiffs' have sufficiently plead their § 1983 substantive due process claim. Likewise, Plaintiffs' negligence claim is sufficiently plead. Plaintiffs allege that "Brent McGee has a long history of grooming and sexually abusing boys" for which "Donna McGee appears to have been complicit [by] failing to take any action over the years despite knowing about the abuse." (Docket No. 2 at 3). Even with this background, Donna McGee allowed two minor children to live in her home with Brent McGee where, Plaintiffs allege, he inappropriately touched and tickled boys in Donna McGee's presence, entered the bathroom when Plaintiffs were showering and undressed while Donna McGee was home, entered Plaintiffs' bedrooms while Donna McGee was home, and had boys swimming in their underwear in the couple's pool which Donna McGee observed. (Docket No. 22 at 11). Accepting the allegations as true and construing them in the light most favorable to the Plaintiffs, the Court finds Plaintiffs have sufficiently alleged a negligence claim against Defendant. Therefore, Defendant's Motion to Dismiss Plaintiffs' negligence claims is DENIED.

### III.    Conclusion

For the reasons stated above, the Court finds that Plaintiffs have sufficiently alleged facts to state a plausible claim for relief under 42 U.S.C. § 1983 against Defendant Donna McGee in her individual capacity. The allegations, if true, support a reasonable inference that Defendant had knowledge of and acquiesced in Brent McGee's alleged sexual abuse. Furthermore, Defendant is not entitled to qualified immunity, as Plaintiffs have plausibly alleged a violation of a clearly established constitutional right. Plaintiffs have also adequately stated a claim for negligence under

Oklahoma law by alleging facts showing that Defendant had reason to know of the abuse and failed to act. However, Plaintiffs' claims against Defendant in her official capacity are duplicative of their claims against the school district and are therefore dismissed. Accordingly, Defendant's Motion to Dismiss is GRANTED IN PART as to the official capacity claims and DENIED IN PART as to the individual capacity claims under § 1983 and negligence.

    IT IS SO ORDERED this 21st day of May, 2025.

_____
D. Edward Snow
United States Magistrate Judge