IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON RHINEHART and ZACHARY WILLIAMS,       Plaintiffs, <br><br>v. <br><br>INDEPENDENT SCHOOL DISTRICT NO. 32-1005 OF HUGHES COUNTY, a/k/a WETUMKA PUBLIC SCHOOLS; DONNA MCGEE, individually and in her official capacity; and BRENT MCGEE, <br><br>      Defendants. | Case No. 24-CV-276-DES |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Brent McGee's ("Mr. McGee" or "Defendant"), Motion to Dismiss Plaintiffs' Complaint, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket No. 21). On September 30, 2024, Plaintiffs Brandon Rhinehart and Zachary Williams ("Plaintiffs") filed their Response (Docket No. 27), and on October 16, 2024, Mr. McGee filed his Reply (Docket No. 34). The issue is fully briefed. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

**I.     Background**

On August 2, 2024, Plaintiffs filed their Complaint alleging violation of Title IX of the Education Amendments of 1973, retaliation, and violation of 42 U.S.C. § 1983 substantive due process and negligence claims against Defendants, Donna McGee, Brent McGee, and Hughes County School District No. 32-1005 as a result of Brent McGee's alleged sexual abuse of Plaintiffs while they were students at Wetumka Public Schools. (Docket. No. 2). Plaintiffs allege that Defendant Brent McGee groomed and sexually abused Plaintiffs while they were students at

1

Wetumka Public Schools. *Id.* Defendant Brent McGee was the head of the Alternative Education program and the Athletic Director for Wetumka Public Schools, and his wife, Defendant Donna McGee, was the Superintendent of Wetumka Public Schools at the time. *Id.* at 3. Plaintiffs allege that Brent McGee "has a long history of grooming and sexually abusing boys" and that Donna McGee was "complicit in the abuse – failing to take any action over the years despite knowing about the abuse." *Id.*

Defendant's Motion to Dismiss is based on Plaintiffs' claim of negligence against Mr. McGee. Plaintiffs allege that Defendant as a teacher, coach, and father figure had a duty to not harm the minors in his care and that he breached this duty which caused direct harm to the Plaintiffs. (Docket No. 2 at 18). Defendant argues "[t]he entirety of Plaintiffs' allegations against Brent consists of 'labels,' 'conclusions,' and 'naked assertions devoid of further factual enhancement.'" (Docket No. 21 at 3) (quoting *Young v. Okla. City Pub. Sch.,* Case No. CIV-13-633-M, 2013 WL 6567144, at *2-3 (W.D. Okla. Dec. 13, 2013)). Additionally, Defendant argues that Plaintiffs allege "nothing more than 'naked assertions,' conclusory statements, and unjustified claims for monetary damages." *Id.* at 5.

## II. Analysis

### A. Plaintiffs' Negligence Claim

On a Motion to Dismiss, the court must decide whether Plaintiff has alleged "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. "A complaint is 'plausible on its face' if its factual allegations allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1309 (10th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678).

As stated above, Defendant argues "[t]he entirety of Plaintiffs' allegations against Brent consists of 'labels,' 'conclusions,' and 'naked assertions devoid of further factual enhancement.'" (Docket No. 21 at 3) (quoting *Young*, 2013 WL 6567144, at *2-3). Defendant argues that because Plaintiffs do not include citations to civil or criminal actions brought against Brent McGee, or an allegation that Brent McGee is listed on any form of sex offender registry and only alleging unsubstantiated accusations and circumstantial allegations is insufficient to state a plausible cause of action. (Docket No. 21 at 3). The Court does not agree.

To state a negligence claim under Oklahoma law, Plaintiffs must assert that Defendant owed them a duty of care, that he breached that duty, and that as a proximate cause of that breach they suffered harm. *See Brewer v. Murray*, 292 P.3d 41, 46, 52 (Okla. Civ. App. 2012); *see also Lockhart v. Loosen*, 943 P.2d 1074, 1079 (Okla. 1997) (stating, "whether the complained of negligence is the proximate cause of the plaintiff's injury is dependent upon the harm . . . being the result of both the natural and probable consequences of the primary negligence").

Plaintiffs have alleged facts supporting each element of a cause of action for negligence. They assert that Brent McGee, as a teacher, coach, and father figure, had a duty to not harm minors in his care. (Docket No. 2 at 18). Plaintiffs assert that Defendant breached such duty when he "took advantage of the children in his care, sexually abusing them for his own gratification." *Id.*; *see also*

3

*Brewer*, 292 P.3d at 48 ("Further, one who voluntarily 'takes charge of another who is helpless adequately to aid or protect himself is subject to liability to the other for any bodily harm caused' by the failure to exercise reasonable care to secure the safety of the other. . . ." (quoting Restatement (Second) of Torts § 324(a),(b)). Finally, Plaintiffs allege that Defendant's actions were the proximate and direct cause of the harms that Plaintiffs suffered. (Docket No. 2 at 19). These elements are supported by alleged facts included in Plaintiffs' Complaint. Ultimately, "so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard." *Doe v. Roaring Fork Sch. Dist.*, No. 1:20-CV-00184-RBJ, 510 F.Supp. 3d 971, at *9-10 (D. Colo. Dec. 29, 2020) (citing *Twombly*, 550 U.S. at 556). As such, the Defendant Brent McGee's Motion to Dismiss Plaintiffs' negligence claim is DENIED.

### B. Plaintiffs' Damages Claim

Defendant argues that Plaintiffs bear the burden of proving that they sustained injury. (Docket No. 21 at 3) (citing Oklahoma Uniform Jury Instructions, Ch. 9, § 9.1)). For their damages, Defendant argues that Plaintiffs' declaration that the United States Center for Disease Control states that child abuse can cause harm, is insufficient to demonstrate that Plaintiffs actually suffered damages as a result of abuse. *Id.* at 4. Furthermore, Defendant argues Plaintiffs fail to state sufficient facts to establish they faced difficulties in school, suffered a variety of injuries, or incurred economic damages. *Id.* However, Plaintiffs do allege that they both left Wetumka Public School as a result of the abuse by Defendant and have suffered "depression, suicidal ideations, shock, humiliation, emotional distress and related physical manifestations thereof, embarrassment, loss of self-esteem, disgrace, and loss of enjoyment of life" (Docket No. 2 at 19) due to the acts giving rise to the lawsuit. (Docket No. 27 at 8). At this stage in the lawsuit, Plaintiffs are only

required to present enough allegations to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiffs' Complaint contains sufficient allegations to nudge their claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, Defendant's Motion to Dismiss Plaintiffs' claims for damages is DENIED.

### III.     Conclusion

For the foregoing reasons, the Court finds that Plaintiffs have adequately alleged sufficient facts to state plausible claims for negligence against Brent McGee under the applicable pleading standards. Plaintiffs have asserted facts supporting the existence of a duty, breach, proximate cause, and resulting harm, as required for a negligence claim under Oklahoma law. Further, Plaintiffs' allegations of emotional and psychological harm, as well as educational disruption, are sufficient at this stage to support a claim for damages. Therefore, Defendant Brent McGee's Motion to Dismiss is hereby DENIED.

IT IS SO ORDERED this 21st day of May, 2025.

_____
D. Edward Snow
United States Magistrate Judge