**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRANDON RHINEHART and<br>ZACHARY WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>INDEPENDENT SCHOOL DISTRICT<br>NO. 32-1005 OF HUGHES COUNTY,<br>a/k/a WETUMKA PUBLIC SCHOOLS;<br>DONNA MCGEE, individually and in her official<br>capacity; and BRENT MCGEE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 24-CV-276-DES |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Independent School District No. 32-1005 of Hughes County, a/k/a Wetumka Public Schools' ("School District" or "Defendant"), Motion to Dismiss Plaintiffs' Complaint, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket No. 25). On October 7, 2024, Plaintiffs, Brandon Rhinehart and Zachary Williams ("Plaintiffs") filed their Response (Docket No. 31), and on October 31, 2024, the School District filed its Reply (Docket No. 37). The issue is fully briefed. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

## I.    Background

On August 2, 2024, Plaintiffs filed their Complaint alleging violation of Title IX of the Education Amendments of 1973, retaliation, and violation of 42 U.S.C. § 1983 substantive due process and negligence claims against Defendants, Donna McGee, Brent McGee, and Hughes County School District No. 32-1005 as a result of Brent McGee's alleged sexual abuse of Plaintiffs while they were students at Wetumka Public School. (Docket. No. 2). Plaintiffs allege that

1

Defendant Brent McGee groomed and sexually abused Plaintiffs while they were students at Wetumka Public Schools. *Id.* Defendant Brent McGee was the head of the Alternative Education program and the Athletic Director for Wetumka Public Schools, and his wife, Defendant Donna McGee, was the Superintendent of Wetumka Public Schools at the time. *Id.* at 3. Plaintiffs allege that Brent McGee "has a long history of grooming and sexually abusing boys" and that Donna McGee was "complicit in the abuse – failing to take any action over the years despite knowing about the abuse. *Id.*

Defendant's Motion to Dismiss argues that Plaintiffs' Complaint does not support the allegations that the School District knew of the alleged abuse with anything but speculation and conclusory statements. Defendant argues three propositions to support its Motion: (1) the Complaint does not plausibly allege discrimination based on Title IX; (2) the Complaint does not meet the standard of a plausible claim of retaliation under Title IX; and (3) Plaintiffs fail to assert a claim under 42 U.S.C. §1983. (Docket No. 25).

## II.    Analysis

### A.  Plaintiffs' Allegations of Discrimination under Title IX

On a Motion to Dismiss, the court must decide whether Plaintiff has alleged "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims

2

"across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. "A complaint is 'plausible on its face' if its factual allegations allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1309 (10th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678).

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . ." 20 U.S.C. § 1681(a). The discrimination on the basis of sex that Title IX prohibits includes sexual harassment, *see Escue v. Northern OK College,* 450 F.3d 1146, 1152 (citing *Franklin v. Gwinnett County Pub. Schs.,* 503 U.S. 60, 75 (1992), and is enforceable through an implied private right of action, *see Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 281 (1998). Courts generally assess Title IX claims similarly to Title VII claims. *Gossett v. Okla. ex rel. Bd. of Regents for Langston Univ.,* 245 F.3d 1172, 1176 (10th Cir. 2001).

### a. Plaintiffs Allege Actual Knowledge

Defendant argues that under Title IX, a school district cannot be vicariously liable to its students for all harassment on school grounds; rather a school is liable in damages under Title IX only "for its own misconduct." *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Edu.*, 526 U.S. 629, 640 (1999). To state a Title IX claim based on third-party conduct, a plaintiff must prove that an appropriate person,[1] such as a principal, "(1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive, and objectively offensive

---

[1] Prior to August 14, 2020, an "appropriate person" under Title IX must be a school official who "at a minimum has authority to address the alleged discrimination and to institute corrective measures." *Gebser* 524 U.S. at 290. On August 14, 2020, the U.S. Department of Education's new regulations went into effect and state that any elementary or secondary school employee may thereafter qualify as an "appropriate person." Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 85 Fed. Reg. 30026 (May 19, 2020) (codified at 34 C.F.R. § 106.30).

that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school." *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1119 (10th Cir. 2008), citing *Murrell v. Sch. Dist. No. 1, Denver, Colo.,* 186 F.3d 1238, 1246 (10th Cir. 1999). Defendant argues that it is entitled to dismissal based on the first element of lack of actual knowledge. Specifically, Defendant asserts it had no actual knowledge of Brent McGee's abuse of Plaintiffs, Plaintiffs do not allege that any appropriate person received reports of prior sexual misconduct, and Plaintiffs did not notify an appropriate person of sexual abuse or harassment by Brent McGee. The Court does not agree.

The Court finds that Plaintiffs' Complaint does contain factual allegations that are plausible on their face that Defendant had actual knowledge of Brent McGee's alleged misconduct. Donna McGee, Superintendent of Wetumka Public Schools, clearly qualifies as an appropriate person under *Murrell*. Plaintiffs have alleged sufficient facts to allow the Court to draw the reasonable inference that Mrs. McGee had knowledge of her husband's actions. Defendant argues that it is false to assume because Mr. and Mrs. McGee were married, Mrs. McGee had to know what her husband might be involved in; however, Defendant cites no authority on this and seemingly ignores the Complaint as a whole, which provides multiple allegations in which Mrs. McGee had knowledge of Mr. McGee's actions. Plaintiffs allege Mrs. McGee was living in the home where Brent McGee was sexually abusing the minors, she knew of Brent McGee's history of grooming and sexually abusing boys, and "observed Brent McGee's inappropriate behavior but failed to intervene." (Docket No. 2 at 3-4).

Finally, Defendant argues that "Plaintiffs attempt to make District liable for sexual abuse suffered in a private home not under substantial control of the District." (Docket No. 25 at 12). However, this argument ignores the fact that the private home was owned by the Superintendent

4

of the School District and an employee of the District. The Superintendent's duty to report an employee's misconduct does not end when she is at home. Accordingly, Plaintiffs allegations, if taken as true, are sufficient to establish Defendant had actual knowledge of Brent McGee's alleged misconduct, and Defendant was deliberately indifferent.

### b.  District had Authority to Take Corrective Action

Defendant alleges that the "school district cannot be directly liable for inaction on sexual abuse or harassment occurring in a location and context in which it lacks the 'authority to take corrective action to end the discrimination.'" (Docket No. 25 at 18) (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)). Plaintiffs' Complaint alleges that Brent McGee began molesting Plaintiffs in his home after they began residing there. (Docket No. 2 at 5). Defendant argues, "District, as an educational institution, did not have substantial control over either the harasser—Brent McGee—or the context in which the harassment occurred—Brent McGee[']s private residence." (Docket No. 25 at 19). Again, this argument ignores the fact that the Superintendent of the School District also lived at this home and would have a duty to report misconduct of a school employee even if it occurred in their own home.

Additionally, Plaintiffs allege that Brent McGee sexually harassed Plaintiffs on school grounds as well, where Defendant certainly exercised substantial control. Defendant agrees but argues that the District did not have actual knowledge of any harassment occurring on school grounds. (Docket No. 25 at 19) ("District arguably retained substantial control over Brent McGee when he was overseeing the Alternative Education building during school hours but, as outlined above, there is no plausible allegation of actual knowledge of harassment occurring then."). As stated above, Plaintiffs allege sufficient facts to show the District had actual knowledge of the harassment occurring on school grounds. Plaintiffs allege, Brent McGee "would make sexual

comments and jokes with the boys", "[h]e would tickle and poke the boys, rubbing their back" and this would take place in the Alternative Education building. (Docket No. 2 at 4). "Other teachers would come to the Alternative Education building to provide instruction and observe, but they took no action to limit Brent McGee's inappropriate behavior." *Id.* These allegations, taken as true, are sufficient to show the District had authority to take appropriate action.

### c.  Plaintiffs Allege Deliberate Indifference

Finally, Defendant argues that Plaintiffs have failed to allege deliberate indifference. (Docket No. 25 at 20). Deliberate indifference exists where the response to harassment or lack thereof is clearly unreasonable given the known circumstances. *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1121 (10th Cir. 2008). "Deliberate indifference may be shown by a failure to act to halt the misbehavior." *Doe*, 970 F.3d at 1314; see also *Murrell*, 186 F.3d at 1246 (stating a school district is liable only "where it has made a conscious decision to permit sex discrimination in its programs . . ." and that refusal to investigate claims of sexual harassment amounts to deliberate indifference). Here, Plaintiffs have alleged sufficient facts that, taken as true, establish Defendant knew of the sexual harassment of Plaintiffs by Brent McGee and did nothing to address it, investigate it, or act in any way. Accordingly, Defendant's Motion to Dismiss Plaintiffs' Claims of Discrimination under Title IX is DENIED.

### B.  Plaintiffs' Allegations of Retaliation under Title IX

Defendant argues "for Plaintiffs to plausibly state a claim of retaliation under Title IX, (1) they [must] allege they reported sexual harassment, (2) District knew Plaintiffs reported sexual harassment, and (3) District took an adverse action against Plaintiffs in such a manner that it would dissuade a reasonable person from reporting sexual harassment in the future." (Docket No. 25 at 21). Defendant argues Plaintiffs have not plausibly alleged any element; however, the Court disagrees. Plaintiffs allege that they reported the sexual harassment, Plaintiff Rhinehart to a school

secretary (Docket No. 2 at 7) and Plaintiff Williams to Donna McGee directly (Docket No. 2 at 8). Furthermore, Plaintiffs alleged the School District was on notice of the reported sexual abuse because Donna McGee, as Superintendent, had actual knowledge of what was occurring. Finally, Plaintiffs sufficiently allege that the District took adverse action against them.

A materially adverse action in a Title IX claim may be acts that carry a significant risk of humiliation and damage to reputation, failure to investigate known complaints, violating the privacy rights of those reporting harassment, encouraging investigations against the complaint rather than the harasser, or refusing to address retaliatory harassment by students. *Doe v. Sch. Dist. No. 1, Denver, Colo.*, 970 F.3d 1300 (10th Cir. 2020); *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1239 (10th Cir. 2004); *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1264 (10th Cir. 1998); *Douglass v. Garden City Cmty. Coll.*, 652 F. Supp. 3d 1329, 1355 (D. Kan. 2023), *appeal dismissed sub nom. Douglass v. Swender*, 23-3027, 2023 WL 5179124 (10th Cir. Mar. 1, 2023). Plaintiffs allege that despite the District's knowledge of the abuse, no safety measure or accommodations were put in place to address their fears and anxiety about attending school with their assailant and failed to investigate the known complaints. (Docket No. 2 at 7 & 9). These allegations are sufficient at this stage to state a plausible claim for relief. Accordingly, Defendant's Motion to Dismiss Plaintiffs' claims of Retaliation is DENIED.

### C.  Plaintiffs' 42 U.S.C § 1983 Claims

For a school district to be liable for violations of federal rights under § 1983, a plaintiff must establish that the school district's actions are "representative of an official policy or custom" or "taken by an official with final policymaking authority." *Murrell*, 186 F.3d at 1249. Defendant argues that only the board of education is empowered to adopt rules or policies regarding the learning environment and student safety; thus, making the allegation that knowledge by the

superintendent or faculty of the school insufficient to state a claim against the School District. (Docket No. 25 at 24). However, the Tenth Circuit has indicated that a superintendent may qualify as a final policymaker if it is alleged that the board of education has authorized her to independently adopt and implement policy. *J.M. ex rel. Morris v. Hilldale Indep. Sch. Dist. No. 1-29*, 397 F. App'x 445, 457 (10th Cir. 2010); *see also Kerns v. Indep. Sch. Dist. No. 31 of Ottawa Cnty.*, 984 F. Supp. 2d 1144, 1153 (N.D. Okla. 2013). While Defendant argues "the Complaint does not allege that allege that District[']s Board, or any policy, charged the Superintendent with implementing and coordinating the response to complaints of sexual harassment" (Docket No. 25 at 24), the Plaintiffs did in fact allege that Superintendent Donna McGee was acting under the color of state law, that she was "responsible for the day-to-day operations of the District including supervision of District teachers and staff and providing a safe educational environment for the students," and that she had the authority to "conduct disciplinary measures at the school." (Docket No. 2 at 3, 6 & 14). Accordingly, Defendant's Motion to Dismiss Plaintiffs' § 1983 claims is DENIED.

**III.    Conclusion**

For the reasons stated above, the Court finds that Plaintiffs have alleged sufficient facts to state plausible claims for relief under Title IX and 42 U.S.C. § 1983. The Complaint plausibly alleges that appropriate persons within the District, including Superintendent Donna McGee, actual knowledge of Brent McGee's alleged sexual misconduct and failed to take appropriate action, thereby exhibiting deliberate indifference. The allegations in the Complaint further support that the District exercised substantial control over both the harasser and the context of the harassment, including misconduct occurring on school grounds and within the Superintendent's home. Plaintiffs also adequately allege a plausible claim for retaliation under Title IX, citing

specific reports of harassment and adverse responses from the District. Finally, the Complaint sufficiently pleads that Superintendent McGee acted with policymaking authority, allowing § 1983 liability to attach to the District. Accordingly, Defendant's Motion to Dismiss is DENIED in its entirety.

IT IS SO ORDERED this 30th day of March, 2026.

_____
D. Edward Snow
United States Magistrate Judge